UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



JEROME JULIUS BROWN,

        Plaintiff,

v.

ANNIE DALTON, et al.,

        Defendants.

**DECISION AND ORDER**

1:18-CV-00799 EAW

## **BACKGROUND**

Plaintiff Jerome Julius Brown ("Plaintiff") filed this breach of contract action against Defendants on July 20, 2018. (Dkt. 1). On July 25, 2018, the Clerk of Court mailed a *Pro Se* packet to Plaintiff, but on August 9, 2018, that mailing was returned as undeliverable. (Dkt. 2). The Clerk's Office then re-mailed the *Pro Se* packet to Plaintiff, at Plaintiff's request, after confirming that his address of record was correct. On August 30, 2018, Plaintiff filed two incomplete waiver forms for the service of the Summons, an incomplete consent to Magistrate Judge jurisdiction form, and an unmarked attorney sponsoring affidavit form. (Dkt. 3). Plaintiff also filed a CM/ECF registration form the same day. (Dkt. 4). Neither waiver of service form was executed by any defendant named in this action.

On December 28, 2018, the Court issued an Order to Show Cause requiring that, by January 25, 2018, Plaintiff show cause in writing why this case should not be dismissed for failure to serve Defendants within 90 days of the filing of his Complaint. (Dkt. 5). On February 6, 2019, Plaintiff filed a motion requesting the Court to relieve him from having to serve the Summons. (Dkt. 6). Plaintiff appears to suggest that he makes this request because his mailings were returned as undeliverable, although that is not entirely clear from his submission. (*See id.* at 1). Indeed, Plaintiff has not submitted any sworn averments nor has he demonstrated that he has made any attempt to serve Defendants or explained why he was unable to do so within 90 days of filing his Complaint. Instead, Plaintiff merely submits incomplete and unexecuted waiver of service forms, a consent to Magistrate Judge jurisdiction form, and a Clerk's Certification of a Judgment to be Registered in Another District form along with his motion. (*Id.* at 2-5).

## **DISCUSSION**

"Federal Rule of Civil Procedure 4(m) governs both (1) the dismissal of actions for untimely service of process and (2) extensions of the time in which service may be effected." *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "[A] party must be given notice and an opportunity to show cause as to why the

action should not be dismissed before a court *sua sponte* dismisses a complaint for failure to serve, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." *Charles v. County of Nassau*, 116 F. Supp. 3d 107, 113 n.7 (E.D.N.Y. 2015) (citing *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012)); *see Dicks v. Chow*, 382 F. App'x 28, 30 (2d Cir. 2010) (affirming *sua sponte* dismissal for failure to serve where "the claim was dismissed over a year after the filing of the amended complaint, the court provided notice that the unserved defendants would be dismissed, and [the plaintiff] has never asserted any good cause for his failure to effect service").

"Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *Salim v. County of Erie*, No. 15-CV-418A(SR), 2018 WL 7133268, at *6 (W.D.N.Y. Dec. 19, 2018) (citing *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013)), *report and recommendation adopted*, 2019 WL 330762 (W.D.N.Y. Jan. 25, 2019). "[A] plaintiff's *pro se* status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m). . . ." *Jordan*, 928 F. Supp. 2d at 598; *see Smalls v. City of New York*, No. 15-CV-3017 (RRM) (RLM), 2019 WL 1243823, at *4 (E.D.N.Y. Mar. 18, 2019) ("[W]ith respect to *pro se* plaintiffs, neither mistake nor plain ignorance constitutes good cause."); *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016)

("[I]gnorance or confusion, even in the case of a *pro se* plaintiff, do not constitute good cause.").

Plaintiff has failed to demonstrate good cause warranting an extension of time to effect adequate service. Outside Plaintiff's cursory and unsworn statement that his mailings were returned undeliverable (*see* Dkt. 6 at 1),[1] Plaintiff has submitted no evidence of any attempt to effectuate service process upon Defendants, *see also Astoria Gen. Contracting Corp. v. Office of the Comptroller of the City of N.Y.*, No. 15 CIV. 1782 (NRB), 2016 WL 3144059, at *2 (S.D.N.Y. Apr. 12, 2016) (finding no good cause where "the only evidence concerning plaintiffs' single attempt at service establishes that it was

---

[1] The Court's Order to Show Cause required Plaintiff to respond "in writing through a *sworn affidavit* his intention to continue to pursue this action and the reason(s) that the Court should not dismiss the case for failure to serve Defendants in accordance with the Federal Rules of Civil Procedure." (Dkt. 5 at 3 (emphasis added)). Although Plaintiff has provided a written response, which he labels a "sworn affidavit" (Dkt. 6 at 1), this submission is neither sworn under oath nor is it declared under penalty of perjury pursuant to 28 U.S.C. § 1746, *see* 28 U.S.C. § 1746 (providing that an "unsworn declaration" may have "like force and effect" of a "sworn declaration" where it is, among other things, declared "as true under penalty of perjury"); *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) ("We hold that 28 U.S.C. § 1746 required that a certification of the truth of a matter be *expressly made* under penalty of perjury. Any other result would be contrary to the plain language of the statute and the objective sought to be advanced by it." (emphasis added)). Plaintiff was also advised that his "[f]ailure to comply with [the Court's Order to Show Cause] will result in the dismissal of this action." (Dkt. 5 at 3). Although Plaintiff has failed to file a sworn affidavit as directed by the Court's December 28, 2018, Order to Show Cause, *see Anghel v. N.Y. State Dep't of Educ.*, No. 15-CV-5914 (SJF) (SIL), 2016 WL 183540, at *3 (E.D.N.Y. Jan. 14, 2016) (determining that the plaintiff's failure "to file an affidavit in accordance with" the court's order to show cause warranted dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b)), in light of Plaintiff's *pro se* status, the Court considers Plaintiff's response to be adequate.

wholly inadequate"). Instead of demonstrating his diligent efforts to serve Defendants, Plaintiff merely requests that the requirement for service be waived—and does so by submitting incomplete waiver of service forms, unexecuted by any named defendant to this action. (*See* Dkt. 6 at 2-3). As the Court stated in its December 28, 2018, Order to Show Cause, Plaintiff's incomplete waiver of service forms do not constitute a waiver of service *by Defendants* and do not relieve Plaintiff of *his responsibility* to serve Defendants in accordance with the Federal Rules of Civil Procedure. *See Weaver v. State of New York*, 7 F. Supp. 2d 234, 236 (W.D.N.Y. 1998) ("Federal Rule 4(d) allows a plaintiff to request that a defendant waive service of . . . the summons. However, to comply with 4(d), the plaintiff must mail the complaint to the defendant along with a notice of the commencement of the action and a request for waiver of service, in the form required. Of course, *the defendant must then actually waive service in order for the plaintiff to be relieved of having to serve the summons*." (emphasis added)); *see generally Rodriguez v. Lahar*, No. 15-CV-3446 (CS), 2016 WL 5376217, at *3 (S.D.N.Y. Sept. 26, 2016) ("Although [the p]laintiff's complaint must be construed liberally because he is *pro se*, '*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.'" (quoting *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008))).

Moreover, "the four factors used to determine whether to grant a discretionary extension, do not weigh in favor of granting an extension." *Jones v. Westchester County*,

No. 14-CV-9803 (KMK), 2018 WL 6726554, at *7 (S.D.N.Y. Dec. 21, 2018) (citation omitted).

> In deciding whether to grant a discretionary enlargement of the service period, courts consider: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the constraints of the time for service.

*Salim*, 2018 WL 7133268, at *6 (citing *Soos v. Niagara County*, 195 F. Supp. 3d 458, 467 (W.D.N.Y. 2016)). "To obtain a discretionary extension absent a showing of good cause, 'the plaintiff must ordinarily advance some colorable excuse for neglect.'" *Cassano*, 186 F. Supp. 3d at 323 (quoting *Zapata*, 502 F.3d at 198). The Second Circuit "has indicated that [it] will not disturb a district court's dismissal for untimely service absent a plaintiff's showing of a colorable excuse for his neglect." *Mares v. United States*, 627 F. App'x 21, 24 (2d Cir. 2015).

The basis for Plaintiff's purported breach of contract claim is not entirely clear from the allegations in his Complaint. (Dkt. 1 at 6). As such, the Court is unable to determine whether the applicable statute of limitations would bar Plaintiff's cause of action based upon any alleged wrongful conduct taking place in November 2017. (*See id.*). Nonetheless, there is no indication that Defendants were ever made aware of this lawsuit or that they engaged in any efforts to hide the service defects. Accordingly, at least two of

the four factors weigh against granting a discretionary extension of time to serve the Summons and Complaint.

Although there would likely be little if any prejudice to Defendants if the Court granted Plaintiff an extension of time to effect service, "a lack of prejudice to defendants is not dispositive." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 448 (S.D.N.Y. 2016). This observation is particularly true here, where Plaintiff has provided no colorable excuse for his neglect. *See Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013) (rejecting the plaintiff's request for an extension of time to effect service where the plaintiff "has not only failed to even attempt to show good cause for his failure to serve the Amended Complaint on the unserved Defendants, he has also offered no explanation whatsoever for his neglect—even one falling short of good cause"). Even crediting Plaintiff's unsworn statement that any attempted service was returned as undeliverable, he has provided no explanation to dispel the conclusion that this defect was a result of his own ignorance or confusion. This case has been pending for ten months, and yet Plaintiff has not submitted any evidence demonstrating that he even attempted to effectuate service, and he has never sought an extension of time to do so. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 508 (2d Cir. 2006) (affirming dismissal of unserved defendants where the plaintiff put forth no excuse for her neglect, and she "never attempted to remedy the defect by asking the district court to extend her time to effect personal service"); *Wan v. United States Postal Serv.*, No. 17-CV-1560(KAM)(LB), 2018 WL

1785485, at *4 (E.D.N.Y. Apr. 13, 2018) (finding that "dismissal without prejudice under Rule 4(m)" was proper where the plaintiff "did not serve defendant with the summons and complaint, did not seek an extension of time to serve process, nor show good cause for his failure to serve"); *Cassano*, 186 F. Supp. 3d at 323-24 (declining to grant a discretionary extension "even in light of the possible prejudice to [the p]laintiffs, [because] the length of their delay and their lack of a justifiable excuse for failing to properly serve [the d]efendants warrant dismissal of the Amended Complaint"); *see also Carl v. City of Yonkers*, No. 04 CIV. 7031 (SCR), 2008 WL 5272722, at *7 (S.D.N.Y. Dec. 18, 2008) ("And most egregiously, . . . plaintiff here *never* effected proper service on the defendants. . . ."), *aff'd*, 348 F. App'x 599 (2d Cir. 2009).

Because Plaintiff has not even set forth a colorable excuse for his failure to timely effect service process, let alone good cause for an extension of time to remedy this defect, "no weighing of the prejudices between the . . . parties can ignore that the situation is the result of the plaintiff's neglect." *Zapata*, 502 F.3d at 198. In other words, even though Plaintiff's sparse allegations and cursory response to the Court's Order to Show Cause make it difficult to determine whether the balance of hardships favors Plaintiff, even assuming that it does "a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance *some* colorable excuse for neglect." *Vaher*, 916 F. Supp. 2d at 421 (emphasis added). As one district court aptly stated, "[t]hough leniency may sometimes be appropriate for those who have in good faith

attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." *George*, 221 F. Supp. 3d at 448.

In sum, the Court finds that Plaintiff has failed to properly serve Defendants or to make any meaningful effort to do so. The Court further finds that Plaintiff's time to effectuate service has expired, that Plaintiff has not sought or received an extension, and that a *sua sponte* extension of that time is not warranted, inasmuch as Plaintiff has failed to offer any colorable excuse for his neglect in serving.

Therefore, Plaintiff's request that the Court absolve him of his service obligations is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an order relieving him of his obligation to effect timely and proper service (Dkt. 6) is denied and the case is dismissed without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:   May 20, 2019
         Rochester, New York